IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jackie Jefferies, ) | Case No.: 1:23-cv-6919-JD-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Cherokee County Sheriff Steve Mueller, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  (DE 12.)  Plaintiff Jackie Jefferies ("Plaintiff" or "Jefferies"), proceeding *pro se*, sued Defendant Cherokee County Sheriff Steve Mueller ("Defendant" or "Mueller") seeking the "right to basic living standards under the protection of the 8th Amendment [sic] also gross negligence due to understaffing."  (DE 1, p. 3.)  Plaintiff requests "$300,000 for the punitive damages of forcing the Plaintiff to endure the mental anguish and despair of having to live this way."  (*Id.* at 5.)

On January 8, 2024, the Court issued orders (1) directing Plaintiff to submit the documents necessary to bring this case into proper form and (2) identifying the deficiencies in Plaintiff's complaint and permitting him an opportunity to amend by January 29, 2024.  (DE 7 and 8.)  Plaintiff failed to file an amended complaint or the documents needed to bring this case into proper form within the time prescribed by the Court.

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

The Report was issued on February 1, 2024, recommending the Complaint be summarily dismissed without further leave for amendment. Plaintiff did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 12) and incorporates it here by reference.

It is, therefore, **ORDERED** that Plaintiff's Complaint is dismissed without further leave for amendment.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
May 2, 2024

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.

2